STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
MARTHA McFADDEN, PLAINTIFF IN ERROR.

· Argued January 20, 1942—Decided February 16, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the State of New Jersey, *Harry R. Coulomb,* Prosecutor; *Robert N. McAllister,* Assistant Prosecutor.

For the plaintiff in error, *Glenn & Glenn (Alfred T. Glenn, Jr.).*

The opinion of the court was delivered by

CASE, J.   Mrs. Martha McFadden was convicted in the Atlantic Quarter Sessions on an indictment which charged the causing and procuring of a criminal miscarriage upon Eleanor Marie Klempfner.   The case is brought up by the defendant on writ of error with a certified record.   There can be no doubt, under the evidence, that the offense charged was committed by someone on the premises occupied in part by Mrs. McFadden.

At the trial Miss Klempfner testified that she was unable to identify the defendant as the person who had performed the operation.   In this and in other respects Miss Klempfner and her sister Miriam failed to testify in the manner expected

by the prosecutor, whereupon the prosecutor alleged surprise and was permitted, over the defendant's objections, to prove, in neutralization, earlier statements by these two young women that had been taken down stenographically and that were in direct contradiction of their testimony in court on material points.

It is said that the finding of guilt was against the weight of the evidence and that the court erred at the close of the state's case and again at the close of the defendant's case in refusing to direct a verdict of acquittal; and the phase of the argument on these points most urgently stressed is that there was no identification of Mrs. McFadden as the person who performed the criminal act and that therefore there was a fatal omission in the proofs.

The jury had believable evidence that a Mrs. McFadden at the street address of the defendant was called upon the telephone, was informed that Miss Klempfner was "in trouble" and made an appointment for the rendering of the desired service; that Miss Klempfner went to the apartment of a Mrs. McFadden on premises where defendant admits she had her residence, was there admitted on the appointment made over the telephone and was forthwith taken into a room and subjected to a douching with a substance that was intended to procure, and that within a half day did procure, the expulsion of the foetus; that the woman who admitted Miss Klempfner, who was, to all appearances, in charge of the premises and who administered the treatment, answered to the name of "Mrs. McFadden;" that the defendant is named Mrs. McFadden, maintains an apartment as stated and, confronted by the girl upon whom the act was committed, and accused by the latter as the person who had perpetrated the abortion, preferred to remain mute although given the opportunity to speak. If all of the circumstances related above were lawfully admitted in proof and constituted competent evidence bearing upon guilt, we think that there was testimony upon which the jury could find guilt without laying the verdict open to a charge of being against the weight of the evidence. The real question, as we see it, is whether the silence of Mrs. McFadden in the face of accusation and iden-

tification may be properly treated as evidential; and we think that it may be.

Eleanor Klempfner testified that she was at the city hall on April 28th, 1941, about a week after the offense charged, and that although there was a woman present the witness did not remember having made an identification. Miriam Klempfner, sister to Eleanor, testified that she, too, was at the city hall and remembered seeing the defendant there but that the witness did not identify the defendant as the person who had done the act. The defendant also on the witness stand admitted having been at the city hall on that occasion and having there seen Eleanor and Miriam Klempfner but insisted that she "told them right there" that she had never seen the girls before. Against this was the testimony of two other witnesses that Eleanor Klempfner had on the occasion in question and in the presence of the defendant stated that she knew the defendant and that the defendant had performed the act; whereupon, according to the same witnesses, the defendant was asked if she cared to say anything and replied that she did not. The issue therefore was not so much whether the defendant had or had not a sufficient reason for remaining silent in the face of accusation as it was where the truth lay and if the fact was that the defendant was confronted with accusation and identification and chose to remain silent what weight that fact carried.

The occasion on which the identification of Mrs. McFadden was said to have been made in her immediate presence and hearing was not at a trial or a *quasi*-trial. There were no limitations or restrictions placed upon her as to what she might say or when or how she might say it; on the contrary invitations were extended to her and refused. She was not under arrest. She appears to have gone voluntarily and without the compulsion of a subpœna or anything in the nature thereof. The testimony of identification and accusation came from one witness without effective objection and from another witness without any objection. Where the court takes no action upon a question there is neither a judicial rejection or reception of the evidence. *State* v. *Cappiello,* 107 *N. J. L.* 249. The question put to the witness

Eckstein at the trial was: "What was said in the presence of Mrs. McFadden, the defendant, by Eleanor Marie Klempfner concerning an abortion and the identity of Mrs. McFadden?" That question was objected to upon the ground that what should be asked for was generally what was said and not specifically what was said with reference to an abortion. The question was discussed and was read again by the court stenographer. Apparently the objector was satisfied that the objection was not sound. There was no ruling. The witness simply proceeded, without further interruption, to answer the question. In addition to the apparent abandonment of the objection, we think that the question did not have the fault laid against it. The witness then testified that Eleanor Klempfner, in the presence of Mrs. McFadden, said that she knew Mrs. McFadden and that the latter was the person who performed the abortion; and the witness further testified that Mrs. McFadden was asked if she cared to make a statement and that "she replied that she did not care to have anything to say." The same witness further testified, without objection, that Miriam Klempfner, sister of Eleanor, on the same occasion, likewise in the presence of Mrs. McFadden, said that she, Miriam, had made the arrangements over the telephone with Mrs. McFadden; that at the designated hour she and her sister went to Mrs. McFadden's address, were received by the defendant, that in response to a question the defendant answered, with a nod, that she was Mrs. McFadden, that the defendant then took Eleanor to another room and remained there about five minutes, and that Miriam then placed $25 on the table and, with her sister, left the house; and the witness testified that Mrs. McFadden not only did not make a denial but upon being asked whether she wanted to make a statement replied that she did not. The witness Gold, without objection, testified to the same effect. The question of admissibility of that evidence is not properly before us; but, aside from the presence or absence of objection or judicial ruling, we think that the evidence was admissible under the principle stated in the cases next cited.

We find nothing in the incident which rendered a denial inexpedient or improper or which suggests a belief on the part

of the defendant that her security would be better promoted by silence than by a response. The evidence was lawfully received, and its weight, whether for or against guilt, was for the jury to determine. *Donnelly* v. *State,* 26 *N. J. L.* 601; *State* v. *Claymonsl,* 96 *Id.* 1; *State* v. *Sorge,* 125 *Id.* 445, 448. We, sitting in review, appraise Mrs. McFadden's silence as evidential of guilt and as weighing to sustain the jury verdict.

We conclude that the verdict of guilt was not against the weight of the evidence as that phrase has been defined by our cases, *State* v. *Tomaini,* 118 *N. J. L.* 162; *State* v. *Dworecki,* 124 *Id.* 219, and that the court's refusals to direct a verdict in favor of the defendant were sound, *State* v. *Sgro,* 108 *Id.* 528.

The evidence admitted in neutralization of the adverse testimony from the state's witnesses which came as a surprise to the prosecution was, we think, properly admitted and adequately limited by the court to the stated function in accordance with the rule in *State* v. *D'Adame,* 84 *N. J. L.* 386.

We have examined the remaining points and find that they present no reversible error.

The judgment below will be affirmed.